# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATRESHA DAWSON,**<br>9631 REIKER DRIVE<br>UPPER MARLBORO, MD  20774<br><br>                    Plaintiff,<br><br>v.<br><br>**SCOTT J. BLOCH, SPECIAL COUNSEL**<br>U.S. Office of Special Counsel<br>1730 M Street, N.W., Suite 218<br>Washington, D.C. 20036-4505<br>Tel: (202) 254-3600<br><br>                    Defendant. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, through her counsel, alleges as follows:

## I.  NATURE OF THIS ACTION

1.      This is a mixed case employment discrimination action by an African-American woman based upon the Defendant's removal of her from the federal service because of her protected disclosures under the Whistleblower Protection Act, 5 U.S.C.A. § 2302.  This is also an action to redress the discriminatory and retaliatory removal of the Plaintiff, as well as discriminatory and retaliatory actions against the Plaintiff prior to her removal  because of her race and gender in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), because of her disabilities under Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791, and because of her opposing and complaining about race, gender and disability

COMPLAINT- 1

discrimination pursuant to the anti-retaliation provisions of Title VII, 42 U.S.C. § 2000e-3(a), and of the Rehabilitation Act, 29 U.S.C. § 791.

## II. PARTIES,

2.      Plaintiff is a citizen of the United States and a resident of the state of Maryland..

3.      The Defendant is the Special Counsel at the U.S. Office of Special Counsel. The Office of Special Counsel was established on January 1, 1979, by Reorganization Plan Number 2 of 1978, 5 U.S.C.A. App.1, § 204. The Civil Service Reform Act (CSRA) of 1978, effective on January 11, 1979, enlarged its functions and powers. Pub. L. No. 95-454, 92 Stat. 1111 (1978). In March of 1989, Congress enacted the Whistleblower Protection Act, Pub. L. No. 101-12, 103 Stat. 16, which established the Office of the Special Counsel as an independent agency within the Executive Branch, separate from the Merit System Protection Board, and renamed it the United States Office of Special Counsel (OSC). The Defendant Bloch is by statute the appropriate and only person to be named as a defendant herein as to all claims.

## III.      JURISDICTION, VENUE, AND EXHAUSTION.

4.      Jurisdiction lies in this Court pursuant to 28 U.S.C. § 1331 on the basis that the claims for relief in this complaint present substantial federal questions. Jurisdiction is also conferred by 5 U.S.C. §§ 7701 and 7702, 42 U.S.C. § 2000e-5(f)(3), and 29 C.F.R. § 1614.302 (a)(2).

5.      Venue lies in this United States District Court under 28 U.S.C. § 1991(b) and (c) by virtue of the fact that the Defendant is regularly engaged in business in this judicial district, the U.S. Office of Special Counsel is located herein, and the conduct complained of herein occurred and/or resulted in injury to the plaintiff in this judicial district.

COMPLAINT- 2

6.      Plaintiff has exhausted all administrative procedures required by law on all of the claims for relief pleaded herein. As to the discriminatory and retaliatory removal on the basis of Plaintiff's sex , disability, and protected disclosures under 5 U.S.C. § 2302, she filed a formal complaint of discrimination on February 2, 2007, and the Office of Special Counsel issued a Final Agency Decision dated June 21, 2007. This action is filed within the prescribed 30 days from Plaintiff's receipt by certified mail of said decision. As to discrimination and retaliation prior to Plaintiff's removal on the basis of sex and disability, and reprisal for her prior EEO activity, she filed a formal complaint of discrimination on April 6, 2006, and the Office of Special Counsel issued a Final Agency Decision dated May 2, 2007. This action is filed within the prescribed 90 days from Plaintiff's receipt by certified mail of said decision.

## IV.      GENERAL FACTS

7.      Plaintiff Natresha Dawson was a OS-950-09 Paralegal Specialist, Customer Service Unit, United States Office of Special Counsel (OSC) at the time of her removal on October 16, 2006.

8.      At the time of her hiring by the OSC on June 25, 2005 until October 13, 2006, Plaintiff had worked in the federal government for 17 years, most recently as legal secretary for the Chief Administrative Law Judge (ALJ) at the U.S. Department of Agriculture.

9.      Until taking extended medical leave in April 2006, Plaintiff was one of two Paralegal Specialists initially hired for the new OSC Customer Service Unit (CSU) that the Defendant specifically created to address criticisms and honor commitments for improvement of the OSC that he made at a May 2005 Senate Governmental Affairs Committee oversight hearing.

10.      Initially the only other CSU staffer and Plaintiff worked with the Complaints Examining Unit (CEU). Although other staffers helped on evaluating intakes and filling out CEU

disposition forms, there was little formal training beyond general reading material. In September 2005, the CSU was moved to become part of the Human Resources branch led by Mr. Robert Wise, Director of Human Resources. He instructed Plaintiff to limit herself to receiving phone calls from federal employees alleging Prohibited Personnel Practices and merely summarizing for callers the information that was on the OSC website.

11.    As set forth below, following her protected whistleblower disclosures and the filing of EEO complaints regarding the conditions of her employment, Plaintiff was continuously harassed and subjected to a hostile work environment of such a severity that she was diagnosed with an adjustment disorder with mixed anxiety and depressed mood. After requests for transfers and reassignments were denied, Plaintiff was forced to take medical leave in April 2006.

12.    Subsequent to taking medical leave, Plaintiff filed EEO and whistleblower complaints with the OSC and Merit System Protection Board, and continued her protected disclosures, including providing information to Congressional committees. After denying her both paid and unpaid leave, OSC removed Plaintiff from Federal service on October 16, 2006, based on the charge of Absence without Leave (AWOL).

## V. FACTS REGARDING PROTECTED ACTIVITY

13. .    Prior to taking her medical leave in April 2006, Plaintiff made successive disclosures to her supervisors and the Defendant that OSC was grossly failing to achieve its core statutory mission of investigating whistleblower complaints, and determining the facts and necessary action to redress Prohibited Personnel Practices against whistleblowers seeking OSC assistance.

COMPLAINT- 4

14.    Plaintiff disclosed that OSC personnel seldom questioned, discussed or took any action on the many calls from alleged victims of whistleblower retaliation.   The mission of the CSU was to expedite by telephone action on these whistleblower complaints, but Plaintiff observed that when CSU staff filed their intake reports,  there was no follow up by the rest of the agency.  Intakes that did receive any attentions were regularly dismissed arbitrarily, even though their alleged facts appeared to correspond directly to the elements of  a valid claim of prohibited personnel practices.

15.    OSC supervisors and other staff regularly dismissed and denigrated whistleblowers as "crazy."  When Plaintiff protested that this attitude was inconsistent with the Agency's core mission, and explained that she was able to observe from her intakes that these whistleblowers were not "crazy, but were emotionally distressed because they were under attack, bewildered and in danger of losing their professional lives, her supervisors became distrustful of her. Plaintiff complained that the OSC exhibited no commitment to help whistleblowers, as for example when a CEU Team Leader threw a whistleblower's emergency stay request on a stack of other papers and refused to discuss it with Plaintiff when she attempted to have the stay requested reviewed.

16.    Plaintiff disclosed to Agency managers that the OSC was structurally and functionally isolating CSU staff from the Complaints Examining Unit, and that without establishing coordination or a working partnership between the units, the Special Counsel could not effectively know about much less redress reported prohibited personnel practices.

17.    Plaintiff disclosed that her supervisor's restriction of direct communication between the CSU and other OSC staff was severely reducing efficiency and exacerbating backlogs of resolving whistleblower reports of wrongdoing and retaliation against them.

18.     Plaintiff disclosed that even within the OSC, there was an atmosphere of fear and intimidation, and that employees were chilled from reporting the OSC's failure to comply with OPM approved rules and procedures regarding the terms and conditions of employment. When Plaintiff contacted the Special Counsel to inform him of these non-compliances, she was given a letter of counseling and told not to attempt communication with him. When Plaintiff contacted the OPM, her supervisor Mr. Wise instructed her not call the OPM.

19.     On July 22, 2006 while still on medical leave, Plaintiff informed her second line supervisor, Mr. Roderick Anderson, of her intention to disclose to Congress the above information regarding the CSU breakdown of the CSU unit and the atmosphere of internal repression.

## VI.     FACTS AS TO RACE, SEX AND DISABILITY DISCRIMINATION AND RETALIATION FOR OPPOSING AND REPORTING IT.

20.     The OSC maintained a workplace of de facto segregation in office placement for OSC staff based on race. The work station location of Black employees was referred to as "Mahogany Row". When Plaintiff complained and requested that she and other minority employees be relocated to vacant offices on the other side of "Mahogany Row", she was told that some of these vacant offices were reserved for storage of old furnishings and files, and that others were reserved for potential new hires. Although stating that some of the vacant officers were reserved for future SES employees, ultimately some of this vacant space was assigned to white interns and contractors.

21.     When Plaintiff alleged that the OSC appeared to hire management staff, almost all of whom were white, not based on merit selection principles, and that some positions appeared to

COMPLAINT- 6

b filled without postings or vacancy announcements,  Plaintiff's supervisor Mr. Wise cautioned

her that "you act like you're looking for something."

22.    Plaintiff was removed from her initially assigned office on Mahogany Row by

Mr. Wise with the explanation that Associate Special Counsel Lenny Dribinsky complained that

he could not walk by Plaintiff's door "without his stomach turning."  Later Plaintiff was assigned

to an office directly adjacent to a restroom that subjected her to bathroom traffic and noises of

flushing toilets.

23.    In December 2005, in the presence of Plaintiff and female staff, Mr. Wise told a

story about his girlfriend from Venezuela, indicating that his girlfriend had  been jealous when

they were dancing at a nightclub. Mr. Wise stated that he had to  comfort his girlfriend about her

jealousy, and described how he later laid his girlfriend onto a bed, and then went into detail

about having sexual intercourse with her.  As a woman, Plaintiff was offended by this talk.

24.    On March 20, 2006, Plaintiff and Mr. Wise left the office of Human Resource

Specialist Caroline Heard and Mr. Wise asked Complainant a  question about her duties. Plaintiff

answered Mr. Wise and started walking down the hallway towards her office.  Mr. Wise then

asked her another  question, raising his voice to ask it, and Plaintiff answered this question. As

she continued to walk away, Mr. Wise then called out to Plaintiff "come here," and used a

fingering gesture indicating "come here".  When Plaintiff turned around, she observed Mr. Wise

looking at her below her waist, and believed that she had interrupted him in looking at her in a

sexual manner as she was walking away. As a woman, Plaintiff was offended by this behavior.

25.    The hostility encountered by plaintiff in response to her complaints of race and

sex and whistleblower retaliation resulted in Plaintiff developing an anxiety and depression

disorder which required her to be absent from work. After revealing this disorder to OSC

COMPLAINT- 7

1    managers, they became even more hostile to her, and attempted to deny her sick leave to which

2    she was entitled.

3        26.    Plaintiff filed informal and later formal complaints with the OSC EEO office

4    regarding the race and sex and disability discrimination set forth above, as well as EEO

5    complaints that she was denied leave benefits.

6        27.    On the day Plaintiff returned from a sick leave in March 2006, the Deputy Special

7    Counsel announced the Office of Personnel Management (OPM) Office of Inspector General

8    (OIG) had opened an investigation of Mr. Bloch. On Plaintiff's second day back, she informed

9    Mr. Wise that she was pursuing her EEO charges and intended to speak with the OPM OIG.

10   Shortly thereafter, Mr. Wise had the Agency's Security Officer inform the Federal Protective

11   Service (FPS) police that Plaintiff was making threats. The FPS police officers and the OSC

12   security guard escorted Plaintiff from her desk to the library, where they questioned her.

13   Plaintiff was humiliate in front of her coworkers, although no charges were brought against her.

14

15       28.    As a result of the above referenced hostile work environment and termination

16   from her employment with the resulting loss of income and livelihood, the Plaintiff has suffered

17   emotional distress, humiliation, fear and anxiety, damage to her personal reputation, and

18   diminished enjoyment of life.

19       29.    As a result of the termination from her employment and the inability to obtain

20   replacement employment due to her age and emotional distress inflicted by the Defendant,

21   Plaintiff has suffered a loss of income, wages and benefits, and injury to her career and

22   professional reputation.

23                        **VII.    CLAIMS FOR RELIEF**

24   **CAUSE OF ACTION:  VIOLATION OF THE WHISTLEBLOWER PROTECTION ACT**

25

COMPLAINT- 8

30.    Plaintiff incorporates all of the foregoing allegations herein.

31.    The disclosures set forth above evidenced waste, gross mismanagement, abuse of authority, and violation of laws and regulations. Plaintiff's managers and the Defendant had knowledge of these disclosures.

32.    Consideration of Plaintiff's disclosures was a contributing factor in the decision to remove her from her employment.

33.    The Agency's removal action cannot be sustained under 5 U.S.C.A. § 7701(c)(2)(B) because it was based on a prohibited personnel practice described in section 2302(b).

34.    The removal of Plaintiff violated 5 U.S.C.A. § 7513 because it was not taken promote the efficiency of the service.

**SECOND CAUSE OF ACTION:  VIOLATIONS OF TITLE VII**

35.    Plaintiff incorporates all of the foregoing allegations herein.

**COUNT 1:  DISCRIMINATION BASED ON RACE AND SEX**

36.    Plaintiff specifically alleges that (a) she is an African-American woman and is a member of a class protected by Title VII; (b) she was qualified for the position she held and performing her job in a satisfactory manner; (c) she was terminated from that position under circumstances giving rise to an inference of discrimination.

37.    Plaintiff suffered the above referenced hostile work environment, termination from her employment, emotional distress and economic damages because she is Black and a woman, and the Defendant's adverse and disadvantageous actions were taken against her in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e-2(a)(1).

**COUNT 2.  RETALIATION FOR OPPOSING DISCRIMINATION**

38.     Plaintiff (1) engaged in a protected activity by opposing what she reasonably believed to be discrimination based on race and sex, which is an unlawful employment practice under Title VII; (2) suffered the adverse employment decisions set forth above, including a hostile work environment, denial of leave, denial of a transfer, and removal; and (3) there was a causal link between her protected activity and the termination.

39.     The Defendant retaliated against the Plaintiff for opposing and complaining about sex and race discrimination in violation of the anti-retaliation provisions of Title VII, 42 U.S.C. § 2000e-3(a).

**THIRD CAUSE OF ACTION:  VIOLATIONS OF REHABILITATION ACT OF 1973, 29 U.S.C. § 791**

40.     Plaintiff incorporates all of the foregoing allegations herein.

**COUNT 1:  DISCRIMINATION BASED DISABILITY**

41.     Plaintiff specifically alleges that (a) she suffered from a qualifying disability of a severe anxiety and depression disorder that interfered with a major life activity; (b) she presented to the Agency sufficient documentation of said disorder, and requesting reasonable accommodations; (c) with the requested accommodations, she was qualified for the position she held and could perform her job in a satisfactory manner; (d) she was denied reasonable accommodation, and was removed on the pretextural ground of AWOL; and (e) Plaintiff was terminated from her position under circumstances giving rise to an inference of disability discrimination..

42.     Defendant's adverse and disadvantageous actions against her because of her disability were therefore in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791 et.seq

COMPLAINT- 10

**COUNT 2. RETALIATION FOR OPPOSING AGE DISCRIMINATION**

43.     Plaintiff (1) was engaged in a protected activity by opposing what she reasonably believed to be disability discrimination, an unlawful employment practice under the Rehabilitation Act; (2) suffered the adverse employment decision of termination; and (3) there was a causal link between her protected activity and the termination.

44.     The Defendant retaliated against the Plaintiff for opposing and complaining about disability discrimination in violation of the Rehabilitation Act.

## VIII.     RELIEF REQUESTED.

45.     Based on the foregoing, Plaintiff requests the following relief:

A.  Under all claims for relief, the Plaintiff should be reinstated to her former position with back pay, retirement contributions, pay raises and cost of living increases, seniority privileges, and all other benefits, together with the monetary value of all lost benefits, including the value of lost retirement benefits and health insurance; and upon such reinstatement, the court should enjoin the Defendant from engaging in such unlawful employment practices, and order such other affirmative action as may be appropriate;

B.  Under all claims for relief, if Plaintiff is not reinstated, then Plaintiff should be awarded back pay or wages lost and benefits, and for such legal or equitable relief as may be appropriate;

C.  Under all claims, if Plaintiff is not reinstated, then Plaintiff should be awarded monetary damages for front pay and benefits, including retirement benefits and health insurance, reduced to present value, for a term of years to be determined at trial;

COMPLAINT- 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

D.  Under all claims, Plaintiff should be awarded compensatory damages of not less than $300,000, the exact amount to be determined at trial;

E.  Under all claims, Plaintiff should be awarded interest on back pay and lost wages, and such other equitable and affirmative relief as may be appropriate; and

Plaintiff should be awarded her reasonable attorney's fees and litigation expenses, including expert fees, be paid by the Defendant pursuant to 42 U.S.C. § 2000e-5(k), and 5 U.S.C.A. § 7701(g)(2).

Respectfully submitted,

Richard E. Condit (D.C. Bar No. 417786)
Senior Counsel
Government Accountability Project
1612 K St NW, Suite 1100
Washington, DC 20006
Tel (202) 408-0034
Fax (202) 408-9855

Thad M. Guyer, *Pro Hac Vice Pending* (Oregon # 82144)
Stephani L. Ayers, *Pro Hac Vice Pending* (Washington #31610)

E-mail richardc@whistleblower.org
E-mail tmguyer@tmguyer.com
E-mail stephania@whistleblower.org

Attorneys for Plaintiffs

COMPLAINT- 12

JS-44
(Rev.1/05 DC)

07-1354
RJL

## I. (a) PLAINTIFFS
NATRESHA DAWSON
9631 REIKER DRIVE
UPPER MARLBORO, MD 20774

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)
PRINCE GEORGE'S COUNTY, MD

**DEFENDANTS** SCOTT J. BLOCH, SPECIAL COUNSEL
U.S. OFFICE OF SPECIAL COUNSEL
1730 M ST., NW SUITE 218
WASHINGTON, DC 20036

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
T

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
RICHARD CONDIT
GOVERNMENT ACCOUNTABILITY PROJECT
1612 K ST., NW SUITE 1100
WASHINGTON, DC 20006

Case: 1:07-cv-01354
Assigned To : Leon, Richard J.
Assign. Date : 7/25/2007
Description: Employ. Discrim.

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government
Plaintiff

□ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

□ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| □ A. *Antitrust* | □ B. *Personal Injury/ Malpractice* | □ C. *Administrative Agency Review* | □ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| □ 410 Antitrust | □ 310 Airplane<br>□ 315 Airplane Product Liability<br>□ 320 Assault, Libel & Slander<br>□ 330 Federal Employers Liability<br>□ 340 Marine<br>□ 345 Marine Product Liability<br>□ 350 Motor Vehicle<br>□ 355 Motor Vehicle Product Liability<br>□ 360 Other Personal Injury<br>□ 362 Medical Malpractice<br>□ 365 Product Liability<br>□ 368 Asbestos Product Liability | □ 151 Medicare Act<br><br>**Social Security:**<br>□ 861 HIA ((1395ff)<br>□ 862 Black Lung (923)<br>□ 863 DIWC/DIWW (405(g)<br>□ 864 SSID Title XVI<br>□ 865 RSI (405(g)<br><br>**Other Statutes**<br>□ 891 Agricultural Acts<br>□ 892 Economic Stabilization Act<br>□ 893 Environmental Matters<br>□ 894 Energy Allocation Act<br>□ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

## □ E. *General Civil (Other)* OR □ F. *Pro Se General Civil*

**Real Property**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**Personal Property**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**Bankruptcy**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

**Property Rights**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**Federal Tax Suits**
□ 870 Taxes (US plaintiff or defendant)
□ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

**Other Statutes**
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.
□ 460 Deportation

□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus* 2255 | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

RETALIATION & DISCRIMINATION UNDER 5 USC 2302, 42 USC 2000e 2(a)(1), 29 USC 791, 42 USC 2000e 3

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23      DEMAND $ \_\_\_\_    Check YES only if demanded in complaint    JURY DEMAND: ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES ☒ NO    If yes, please complete related case form.

DATE 7-24-2007    SIGNATURE OF ATTORNEY OF RECORD _(signature)_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

RECEIVED

JUL 25 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT