## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATRESHA DAWSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-1354 (RJL) |
| v. ) | |
| ) | |
| **SCOTT J. BLOCH, SPECIAL COUNSEL,** ) | |
| **U.S. OFFICE OF SPECIAL COUNSEL,** ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Defendant Scott J. Bloch, Special Counsel, United States Office of Special Counsel ("OSC"), by and through his undersigned attorneys, hereby answers plaintiff's complaint as follows:

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted.

#### Second Affirmative Defense

Plaintiff's claims are barred for failure to exhaust administrative remedies.

### NATURE OF THIS ACTION

1.  Paragraph 1 of the complaint consists of characterizations of Plaintiff's claims and no response is necessary. To the extent a response is required, Defendant admits that Plaintiff is an African-American woman and that she was removed from federal service, and the allegations are otherwise denied.

## PARTIES

2. Paragraph 2 of the complaint sets forth legal conclusions and allegations of personal jurisdiction to which no response is necessary. To the extent a response is required, Defendant lacks knowledge to admit or deny the allegations, and therefore denies them.

3. Paragraph 3 of the complaint sets forth legal conclusions and jurisdictional allegations to which no response is required. To the extent a response is deemed required, Defendant admits that Scott J. Bloch is Special Counsel of OSC and may be named as defendant in suits filed against OSC, pursuant to 42 U.S.C. § 2000e-16(c). Defendant denies the remaining allegations of Paragraph 3.

## JURISDICTION, VENUE AND EXHAUSTION

4. Paragraph 4 of the complaint sets forth legal conclusions and allegations of subject matter jurisdiction to which no response is required. To the extent that a response is deemed required, the allegations are denied.

5. Paragraph 5 of the complaint sets forth legal conclusions and allegations of venue to which no response is required. To the extent a response is deemed required, the allegations are denied.

6. Paragraph 6 of the complaint sets forth legal conclusions about an affirmative defense to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff filed formal EEO complaints against OSC alleging sex and disability discrimination and retaliation on February 2, 2007, and May 30, 2006, to which OSC responded by issuing Final Agency Decisions on June 21, 2007, and May 2, 2007, respectively. Defendant denies the remaining allegations of Paragraph 6.

**FACTUAL ALLEGATIONS**

7.  Defendant admits that Plaintiff was a Paralegal Specialist, GS-0950-09 (and not OS-0950-09, as alleged in the complaint), with OSC at the time of her removal in October 2006, as alleged in Paragraph 7 of the complaint.

8.  Defendant admits that Plaintiff was hired by OSC as a Paralegal Specialist in June 2005, and was a legal secretary at the United States Department of Agriculture in her prior job. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 8 of the complaint, and therefore denies them.

9.  Defendant admits that Plaintiff was one of two Paralegal Specialists hired by the Customer Service Unit ("CSU") in or about June 2005, and that Plaintiff was working in this position in April 2006. Defendant denies the remaining allegations contained in Paragraph 9 of the complaint.

10.  Paragraph 10 of the complaint is a description of the creation of CSU, its functions, and the initial handling of certain of its functions by the Complaints Examining Unit ("CEU"). Defendant admits that Plaintiff was under the direct supervision of Mr. Robert Wise, Chief of Human Resources, when she worked at CSU, and that CSU was created, in part, to assume certain routine responsibilities of CEU employees, including answering telephone inquiries from individuals with questions about how to file prohibited personnel practice ("PPP") complaints. Plaintiff denies the remaining allegations contained in Paragraph 10.

11.  Paragraph 11 is a description of legal claims and issues raised in this complaint to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff informed OSC management at some point during her employment that she had been diagnosed with an adjustment disorder with mixed anxiety and depressed mood. Defendant denies

the remaining allegations contained in Paragraph 11.

12. Paragraph 12 is a description of legal claims and issues raised in this complaint to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff filed EEO and prohibited personnel practice complaints with OSC, that Plaintiff also filed appeals with the Merit Systems Protection Board, and that Defendant removed Plaintiff from federal service after she was AWOL for approximately six months. Defendant denies the remaining allegations contained in Paragraph 12.

13. Paragraph 13 of the complaint sets forth Plaintiff's characterization of disclosures allegedly made to unnamed supervisors and staff on unspecified dates. Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore denies them.

14. Paragraph 14 of the complaint sets forth Plaintiff's characterization of disclosures allegedly made to unnamed supervisors and staff on unspecified dates. Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore denies them.

15. Paragraph 15 of the complaint sets forth Plaintiff's characterization of disclosures allegedly made to unnamed supervisors and staff on unspecified dates. Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore denies them.

16. Paragraph 16 of the complaint sets forth Plaintiff's characterization of disclosures allegedly made to unnamed supervisors and staff on unspecified dates. Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore denies them.

17. Paragraph 17 of the complaint sets forth Plaintiff's characterization of disclosures allegedly made to unnamed supervisors and staff on unspecified dates. Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore denies them.

18. Defendant admits that Plaintiff contacted the Special Counsel of OSC about employment issues that should have been directed to other officials, and was therefore instructed not to copy the Special Counsel on such communications. Defendant also admits that Mr. Wise instructed Plaintiff not to contact OPM directly when she failed to raise certain employment issues with the appropriate officials at OSC. The remainder of Paragraph 18 of the complaint sets forth Plaintiff's characterization of disclosures allegedly made to unnamed supervisors and staff on unspecified dates. Defendant lacks sufficient knowledge or information to admit or deny these vague allegations, and therefore denies them.

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

23. Paragraph 23 of the complaint sets forth Plaintiff's characterization of the substance of a conversation that allegedly took place with Mr. Wise, her supervisor, sometime in December 2005. Defendant admits that Mr. Wise may have talked about a vacation he took with his girlfriend at about that time, but denies the remaining allegations in Paragraph 23.

24. Paragraph 24 of the complaint sets forth Plaintiff's version of an incident that allegedly took place between Mr. Wise and Plaintiff in the hallway outside Mr. Wise's office. Defendant admits that there was an verbal exchange on or about March 20, 2006, between Mr. Wise and Plaintiff, but denies the remainder of the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Paragraph 26 is a statement of claims raised in this complaint to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff filed EEO

complaints with OSC, as identified in preceding paragraphs of the complaint. Defendant denies the remaining allegations contained in Paragraph 26.

27. Paragraph 27 of the complaint sets forth Plaintiff's version of an incident involving the response of the Federal Protective Service ("FPS") to a complaint involving Plaintiff. Defendant admits that there was a complaint made to FPS about Plaintiff, but denies the remaining allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant denies the allegations contained in Paragraph 29.

## CLAIMS FOR RELIEF

### First Cause of Action: Violation of the Whistleblower Protection Act

30. Defendant incorporates by reference each and every Answer stated in response to Paragraphs 1-29 as if fully stated herein.

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

33. Paragraph 33 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 33.

34. Paragraph 34 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 34.

### Second Cause of Action: Violations of Title VII

35. Defendant incorporates by reference each and every Answer stated in response to Paragraphs 1-34 as if fully stated herein.

36. Paragraph 36 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff is an African-American woman, and denies the remaining allegations contained in Paragraph 36.

37. Paragraph 37 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff was removed from federal service, and denies the remaining allegations contained in Paragraph 37.

38. Paragraph 38 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff engaged in EEO-protected activity by filing three EEO complaints, that she was removed from federal service, and that she was denied a reassignment.[1] Defendant denies the remaining allegations in Paragraph 38.

39. Defendant denies the allegations contained in Paragraph 39.

### Third Cause of Action: Violation of the Rehabilitation Act

40. Defendant incorporates by reference each and every Answer stated in response to Paragraphs 1-39 as if fully stated herein.

41. Defendant denies the allegations contained in Paragraph 41.

42. Defendant denies the allegations contained in Paragraph 42.

---

[1] The terms "transfer" and "reassignment" are legal terms-of-art in the federal employment context. A transfer is "[a] change of an employee, without a break in service of one full workday, from a position in *one agency* to a position in *another agency* that can be filled under the same appointing authority." 5 C.F.R. § 210.102(b)(18) (emphasis added). A reassignment is "a change of an employee, while serving continuously within the *same agency*, from one position to another without promotion or change to lower grade." 5 C.F.R. § 210.102(b)(12) (emphasis added). Plaintiff used the term "transfer" in her complaint. Plaintiff never requested a transfer from OSC and therefore OSC assumes that she means "reassignment."

43.     Defendant admits that it removed Plaintiff from federal service after she was AWOL for approximately six months, but denies the remaining allegations contained in Paragraph 43.[2]

44.     Defendant denies the allegations contained in Paragraph 44.

45.     Paragraph 45 of the complaint constitutes Plaintiff's prayer for relief to which no response is required.  To the extent that an answer is required to this paragraph, Defendant denies that Plaintiff is entitled to the relief requested in the complaint or to any relief whatsoever.  Defendant avers that any award of compensatory damages would be subject to and limited by 42 U.S.C. §1981a, and that relief would be further limited by 42 U.S.C. §2000e-5(g)(2)(B).

## **GENERAL DENIAL**

Defendant denies each and every allegation in the complaint that was not admitted or otherwise qualified.

WHEREFORE, Scott J. Bloch, Special Counsel, U.S. Office of Special Counsel, Defendant herein, respectfully prays that Plaintiff's complaint be dismissed and requests such further relief as the Court deems appropriate.

---

[2]     The header preceding this paragraph reads "COUNT 2.  RETALIATION FOR OPPOSING AGE DISCRIMINATION."  Plaintiff has never made any allegations of age discrimination.

                    Respectfully submitted,

                    /s/
                    JEFFREY A. TAYLOR, D.C. Bar # 498610
                    United States Attorney


                    /s/
                    RUDOLPH CONTRERAS, D.C. Bar # 434122
                    Assistant United States Attorney


                    /s/
                    JOHN G. INTERRANTE
                    PA Bar # 61373
                    Assistant United States Attorney
                    Civil Division
                    555 4th Street, N.W.
                    Washington, D.C. 20530
                    (202) 514-7220
                    John.Interrante@usdoj.gov