**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| NATRESHA DAWSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SCOTT J. BLOCH, SPECIAL COUNSEL, )<br>U.S. OFFICE OF SPECIAL COUNSEL, )<br>)<br>Defendant. )<br>) | Civil Action No. 07-1354 (RJL) |

**JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE**

Pursuant to the rules of this Court, counsel for the parties in the above-styled matter have conferred and submit this joint report. A proposed Scheduling Order incorporating the parties' suggestions is attached.

**Brief Statement of Case[1]**

Plaintiff, a former paralegal specialist with the Office of the Special Counsel ("OSC"), has filed a complaint challenging her removal from federal service, which was effective October 16, 2006, based on alleged employment discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 et seq.; and the Whistleblower Protection Act, 5 U.S.C. § 2302. Specifically, plaintiff alleges that she was subjected to discrimination on the basis of her gender, race, disability, and in reprisal for protected EEO activity and whistleblowing, during her employment with the OSC. Defendant believes that the challenged OSC actions were taken for legitimate, non-

---

[1] This statement is provided pursuant to the Case Management Order dated July 26, 2007.

discriminatory and non-retaliatory reasons.

## Matters Discussed by the Parties

The parties have discussed the matters referenced in Local Rule 16.3, and submit the following report:

**1. Status of Dispositive Motions:** There are no pending dispositive motions. Defendant believes this case will be resolved by summary judgment after the close of discovery. Plaintiff does not believe that this case can be disposed of by dispositive motions after discovery or at any time, and instead believes that a trial on the merits is necessary.

**2. Amended Pleadings**: The parties do not anticipate that it will be necessary to join any third parties, or that they will need to amend the pleadings at the time of this report. At the close of discovery, the parties agree that will be a good time to discuss whether any of the factual or legal issues can be narrowed and will inform the Court if any modifications are agreed upon.

**3. Assignment To Magistrate Judge**: The parties do not consent to assignment of this case to a Magistrate Judge.

**4. Settlement Possibility**: The parties have represented to the Court that a settlement was likely in the case and requested a stay of the filing of this report pending settlement negotiations. Defendant presented a settlement offer to plaintiff based on the issues discussed during the three-month period of settlement negotiations and plaintiff, in turn, rejected it by demanding a new term not previously requested. Defendant continues to believe that settlement is possible, but that it will be necessary to schedule a mediation. Plaintiff, through counsel, believes that settlement remains possible, does not oppose mediation, and believes that this case could benefit from pre-discovery

mediation.

5. **Alternative Dispute Procedures**: The parties believe that this case could benefit from the Court's ADR process.

6. **Dispositive Motions**: Defendant believes that this case will be resolved by a motion for summary judgment, as mentioned in Paragraph No. 1. Plaintiff disagrees, as indicated in Paragraph No. 1. The parties jointly propose that any summary judgment motions be due within 60 calendar days after the close of discovery, oppositions due within 45 calendar days thereafter, and replies due within 21 calendar days thereafter.

7. **Initial Disclosures**: The parties propose that initial disclosures required by Fed. R. Civ. P. 26(a)(1) shall be served within 30 days after the issuance of the Court's initial scheduling order.

8. **Discovery**: The parties jointly request 180 calendar days to conduct and complete discovery in this case. Plaintiff requests that discovery commence upon the issuance of the Court's scheduling order. The parties anticipate standard discovery, i.e., Interrogatories (limited to 25), Requests for Production of Documents (limited to 25), Requests for Admissions (limited to 25), and depositions (limited to 10). The parties agree to follow the Federal Rules of Civil Procedure in regards to the limits on discovery, except as otherwise provided in this paragraph.

9. **Experts**: The parties propose that the plaintiff's expert(s), if any, be designated no later than 60 days after the commencement of discovery, and that defendants' experts, if any, be designated no later than 30 days thereafter. The parties further propose that plaintiff's expert disclosures shall be served at least 60 days prior to close of discovery. The parties propose that defendants' expert disclosures shall be served within 30 days after service of plaintiff's expert

disclosures. The parties agree that the expert disclosures shall, in accordance with Fed. R. Civ. P. 26(a)(2), include a written expert witness report.

    **10.** **Class Action Procedures**: Not applicable.

    **11.** **Bifurcation of Discovery or Trial**: The parties do not see any need for bifurcation in this case.

    **12.** **Proposed Date for the Pretrial Conference**: The parties propose that the pretrial date be set within 60 days after the Court rules on dispositive motions.

    **13.** **Trial Date**: The parties agree that, if necessary, a trial date should be set at the pretrial conference.

    **14.** **Electronic Service**: Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties consent to service by electronic mail of pleadings, notices, motions, and other papers required to be served under Rule 5(a). The parties further agree that such electronic service shall be made to each counsel of record via the electronic mail addresses indicated on the docket, unless another agreement is made in advance by the parties. The parties further agree that a paper copy of any such pleadings and other papers shall also be served by either mail or fax to all counsel, as may be agreed by the parties.

    **15. Preserving Discoverable Information**: The parties agree that they shall take all reasonable measures to preserve discoverable information.

    **16. Disclosure or Discovery of Electronically Stored Information**: The parties agree that they shall disclose and produce electronically stored information either in electronic or printed format, whichever the parties may agree is the most convenient and efficient to conduct and complete discovery in this case. The parties anticipate standard discovery, i.e., Interrogatories, Requests for Production of Documents, Requests for Admissions, and depositions. The parties agree

to follow the Federal Rules of Civil Procedure in regards to the limits on discovery, except as otherwise provided herein.

Respectfully submitted,

 /s/  
Richard E. Condit  
Law Offices  
1612 K Street, NW, Suite 1100  
Washington, DC 20006  
(202) 408-0034  
Fax: (202) 318-3211  
r1condit1@earthlink.net  
Richardc@whistleblower.org  

 /s/  
JEFFREY A. TAYLOR, D.C. Bar # 498610  
United States Attorney  

 /s/  
RUDOLPH CONTRERAS, D.C. Bar # 434122  
Assistant United States Attorney  

 /s/  

JOHN G. INTERRANTE  
PA Bar # 61373  
Assistant United States Attorney  
Civil Division, Room E-4806  
555 4th Street, N.W.  
Washington, D.C. 20530  
(202) 514-7220  
(202) 514-8780 (fax)  
John.Interrante@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **NATRESHA DAWSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 07-1354 (RJL)** |
| **v.** ) | |
| ) | |
| **SCOTT J. BLOCH, SPECIAL COUNSEL,** ) | |
| **U.S. OFFICE OF SPECIAL COUNSEL,** ) | |
| ) | |
| **Defendant.** ) | |

## INITIAL SCHEDULING ORDER

Upon Consideration of the Joint Report of Local Rule 16.3 Conference, and the entire record herein, it is hereby

ORDERED that discovery shall commence upon issuance of this order and be concluded by _____;

ORDERED that the parties shall serve the initial disclosures required by Fed. R. Civ. P. 26(a)(1) within 30 days after the issuance of this order;

ORDERED that discovery shall be subject to the limits of the Federal Rules of Civil Procedure and the Local Rules, and each party is expressly limited to 25 interrogatories, 25 requests for production of documents, 25 requests for admission, and 10 depositions;

ORDERED that expert witness reports shall be exchanged in accordance with Fed. R. Civ. P. 26(a)(2), except that plaintiff's experts shall be designated no later than 60 calendar days after the commencement of discovery; defendant's experts shall be designated no later than 30 calendar days thereafter; plaintiff's expert reports shall be due 60 calendar days prior to close of discovery; and defendant's expert reports shall be due 30 calendar days after service of plaintiff's expert

disclosures; and it is further

ORDERED that any summary judgment motions be due within 45 calendar days after the close of discovery, oppositions due within 30 calendar days thereafter, and replies due within 21 calendar days thereafter.

It is SO ORDERED this _____ day of _____, 2008.

_____
RICHARD J. LEON
United States District Judge

cc:   ECF counsel of record